1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YAGEO AMERICA CORP.,

        Plaintiff,

    v.

FAN-CHU TSENG, *et al.*,

        Defendants.

Case No.  C06-0227RSL

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS OR TO
TRANSFER

     This matter comes before the Court on a motion to dismiss for improper venue filed by defendants Fan-Chu Tseng ("Mr. Tseng"), Fong-Lan Tseng and their marital community ("the Tsengs"). Dkt. # 7.  Plaintiff Yageo America Corp. ("Yageo") alleges that Mr. Tseng, its former employee, downloaded Yageo trade secret information and used that information to compete with Yageo.

## I.  BACKGROUND FACTS

     Yageo filed a complaint against the Tsengs in King County Superior Court on January 26, 2006, alleging misappropriation of trade secrets.  Defendants removed the action to this Court on February 16, 2006.  Dkt. # 1.

ORDER DENYING MOTION TO DISMISS
OR TO TRANSFER - 1

1    Yageo's headquarters are located in Washington.  Mr. Tseng, who resides in

2  Texas, worked for Yageo until September 30, 2005.  At times he traveled to Washington

3  for reasons related to his employment.

4                                    **II.  DISCUSSION**

5  **A.    Proper Venue**

6    Defendants' motion argues that dismissal is warranted pursuant to 28 U.S.C. §

7  1406 because venue is improper under 28 U.S.C. § 1391.  Their reply brief, however,

8  requests transfer under 28 U.S.C. § 1406 or § 1404.

9    As plaintiff points out in the response (Response at p. 2) and defendants

10  acknowledge in the reply (Reply at p. 1), "on the question of venue, § 1391 has no

11  application to this case because this is a removed action." Polizzi v. Cowles Magazines,

12  Inc., 345 U.S. 663, 665 (1953).  In a removed action, venue is proper in the district

13  "embracing the place where such action is pending." 28 U.S.C. § 1441.  The Western

14  District of Washington "embraces" King County.  A district court acquires venue through

15  defendants' voluntary removal to federal court, regardless of whether venue would have

16  been proper had the case originally been filed in that court. Seaboard Rice Milling Co. v.

17  Chicago, R.I. & P. Ry. Co., 270 U.S. 363, 367 (1926).  Thus venue is proper in this

18  Court, and § 1406, which governs in "a case laying venue in the wrong division or

19  district[,]" does not apply.

20  **B.    Transfer of Venue**

21    Defendants' removal did not waive the right to request a discretionary transfer to a

22  more convenient venue under 28 U.S.C. § 1404(a). PT United Can Co. Ltd. v. Crown

23  Cork & Seal Co., Inc., 138 F.3d 65 (2d Cir. 1998).  However, the request for transfer was

24  not mentioned in the original motion.  Ordinarily, the Court will not consider issues

25

26  ORDER DENYING MOTION TO DISMISS
    OR TO TRANSFER - 2

1   raised for the first time in a reply brief.  District courts in this Circuit have ruled that "it is

2   improper for a party to raise a new argument in a reply brief[,]" largely because the

3   opposing party may be deprived of an opportunity to respond.  United States v. Boyce,

4   148 F.Supp.2d 1069, 1085 (2001).  However, a "district court ha[s] discretion to consider

5   [an] issue even if it was raised in a reply brief."  Glenn K. Jackson Inc. v. Roe, 273 F.3d

6   1192, 1202 (9th Cir. 2001).  In particular, a surreply filed by the non-moving party may

7   afford an adequate opportunity to respond.  Cedars-Sinai Medical Center v. Shalala, 177

8   F.3d 1126, 1129 (9th Cir. 1999).  Because both sides have addressed the request for

9   transfer under § 1404, the Court will consider it.[1]

10          Defendants request that this case be transferred to the Northern District of Texas

11   pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and

12   witnesses, in the interest of justice, a district court may transfer any civil action to any

13   other district or division where it might have been brought."  Defendants have the burden

14   of showing that the overall convenience of parties and witnesses weighs in favor of

15   transferring the above-captioned case to the United States District Court for the Northern

16   District of Texas.  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843

17   (9th Cir. 1986).

18          The central focus of a § 1404 inquiry is convenience.  The Court must make an

19   individualized, case-by-case determination of convenience and fairness when considering

20   a change in venue.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).  Factors

21   that may be considered include "(1) the location where the relevant agreements were

22   _____

23          [1] Because defendants' reply brief raised new issues not addressed in the original
     motion, the plaintiff's motion to file an overlength surreply to address the new arguments
24   is hereby GRANTED.  Dkt. #12.

25

26   ORDER DENYING MOTION TO DISMISS
     OR TO TRANSFER - 3

1   negotiated and executed, (2) the state that is most familiar with the governing law, (3) the

2   plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the

3   contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences

4   in the costs of litigation in the two forums, (7) the availability of compulsory process to

5   compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources

6   of proof." Jones v. GNC Franchising Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

7        On the basis of the record presented, more factors favor Washington than favor

8   Texas.  The first and seventh factors are neutral, as neither party identifies any relevant

9   agreements or unwilling witnesses.  The second factor weighs in favor of Washington, as

10  the complaint alleges violation of Washington's Trade Secrets Act.  The third factor

11  strongly favors Washington.  The fourth factor slightly favors Washington.   While Mr.

12  Tseng had substantial contacts with Texas, both parties had substantial contacts with

13  Washington.  Yageo is headquartered here, and Mr. Tseng traveled to Washington

14  regularly when employed by Yageo.  Motion at p. 2; Surreply at p. 2.

15       The fifth factor, examining the relationship between the forum and the cause of

16  action, is more mixed.  The parties dispute where the alleged misappropriation took place.

17  Defendants claim it could only have occurred in Texas.  Motion at p. 3; Reply at p. 6.

18  Plaintiff implies that it could have taken place in any of the states to which Mr. Tseng

19  traveled.  Surreply at p. 6.  Plaintiff's contention weighs against Texas but not in favor of

20  Washington.  Overall, the fifth factor tilts slightly toward Texas.

21       The sixth and eighth factors may be considered together, as both reflect the ease of

22  investigation and discovery.  Plaintiff points to specific witnesses located in Washington,

23  while Mr. Tseng is apparently the only witness located in Texas.  *Id.* at p. 2.  Plaintiff

24  also identifies witnesses located in Taiwan, who could travel more easily to Washington

25

26  ORDER DENYING MOTION TO DISMISS
    OR TO TRANSFER - 4

1  than to Texas.  *Id.*  Defendants state that all customers Mr. Tseng has called on since

2  leaving Yageo are outside Washington.  Motion at p. 2.  If those customers are potential

3  witnesses, their location might weigh against Washington but not in favor of Texas.

4  Defendants also state that the four computer and storage devices Mr. Tseng used while

5  employed by Yageo were returned to Yageo's Texas office.  *Id.* at p. 3.  If these potential

6  sources of proof remain in Texas, access to them might be easier in Texas.  Overall,

7  because evidence is generally easier to transport than people, factors six and eight weigh

8  slightly in favor of Washington.

9        Five factors weigh in favor of Washington as the more convenient forum, two are

10  neutral, and one favors Texas.  "[U]nless the balance of factors is strongly in favor of the

11  defendants, the plaintiff's choice of forum should rarely be disturbed."  <u>Securities Investor

12  Protection Corp. v. Vigman</u>, 764 F.2d 1309 (9th Cir. 1985).  The Court finds that

13  defendants have not shown that the overall convenience of parties and witnesses, in the

14  interest of justice, weighs in favor of transferring the above-captioned case to the

15  Northern District of Texas.

16                            **III.  CONCLUSION**

17        For the reasons discussed above, the Court finds that the Western District of

18  Washington is a proper venue for the above-captioned case.  Accordingly, defendants'

19  motion to dismiss or transfer for improper venue under 28 U.S.C. § 1406(a) is DENIED.

20

21

22

23

24

25

26  ORDER DENYING MOTION TO DISMISS
    OR TO TRANSFER - 5

Dkt. # 7.  Furthermore, defendants' request for transfer under 28 U.S.C. § 1404(a) is
DENIED.

DATED this 21st day of April, 2006.

_MM S Lasnik_

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO DISMISS
OR TO TRANSFER - 6