Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YAGEO AMERICA CORP., a Delaware corporation,<br><br>           Plaintiff,<br><br>       v.<br><br>FAN-CHU TSENG, an individual, and FONG-LAN TSENG, an individual, and their marital community,<br><br>          Defendants. | No. C06-0227RSL<br><br>**SECOND STIPULATED  PROTECTIVE ORDER REGARDING TREATMENT BY THE PARTIES OF CONFIDENTIAL DOCUMENTS** |

## I.     STIPULATIONS

This action is one based upon allegations of disclosure of trade secrets and sensitive commercial information.  In order to litigate this action, the parties will need to exchange documents and other information during discovery regarding the alleged trade secrets and sensitive commercial information.  This information is, by nature, highly confidential and proprietary to each party and deserving of protection regarding use and dissemination.  Pursuant to Fed. R.

SECOND STIPULATED PROTECTIVE ORDER - 1

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

Civ. P. 26(c)(7), the Court has the authority to issue an order that "a trade secret or other confidential . . . or commercial information not be revealed or be revealed only in a designated way."  Accordingly, the parties request that the Court enter as an Order the following Stipulated Protective Order ("Order") which shall govern the use, handling and/or return of documents, depositions, deposition exhibits, interrogatory responses, and other written recorded or graphic material produced during discovery or on a party's own initiative for use in this action, and all copies thereof, and shall govern the use, handling, and/or return of the documents, materials and information.

1.       Any party may designate the information it produces as "Confidential" if it believes, in its good faith judgment, that the material contains confidential, market sensitive or proprietary information, including without limitation financial information, trade secrets, product development information, personnel and payroll information or other commercially sensitive or personally sensitive information of a non-public nature.  The party shall make this designation by placing on every document or other material (including portions of deposition transcripts) containing such information the legend "CONFIDENTIAL" (except that in the case of multipage documents bound together by staple or other permanent binding, the legend need only be stamped on the first page of the document in order for the entire document to be treated as "Confidential") prior to providing such document or other material pursuant to this Order.

2.       Any party may designate the information it produces as "Attorneys and Consultants Only" if it believes, in good faith judgment, that the material is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury,

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

and which the Designating Party (*i*) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (*ii*) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  The party shall make this designation by placing on every document or other material (including portions of deposition transcripts) containing such information the legend "ATTORNEYS AND CONSULTANTS ONLY" (except that in the case of multipage documents bound together by staple or other permanent binding, the legend need only be stamped on the first page of the document in order for the entire document to be treated as "Attorneys and Consultants Only") prior to providing such document or other material pursuant to this Order.

3.      When used in this Order, the word "documents" mean all written, recorded or graphic matter whatsoever, however created and whatever the medium on which it was produced or reproduced, including, but not limited to, documents produced by any party, whether pursuant to Fed. R. Civ. P. 33 or 34, subpoena, or by agreement, and may also include deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.  When used in this Order, the term "other information" means any portion of any answer or response to any written discovery request.

4.      All "Confidential" and "Attorneys and Consultants Only" documents and all information contained therein, and any other confidential information, shall be used by the parties to whom the documents are disclosed solely for the prosecution and/or defense of this action, and shall not be further disseminated, except as specifically set forth below.

SECOND STIPULATED PROTECTIVE ORDER - 3

5.     Except with prior written consent of the party asserting confidential treatment, documents designated as "Confidential" and the information contained therein, and any other confidential information, may be disclosed only to the following persons:

(a)     counsel for the parties (including attorneys and staff associated with or employed by the legal counsel);

(b)     any party or other officer or employee of a party to the extent deemed necessary for the prosecution, defense, or settlement of this litigation;

(c)     court reporters and stenographers employed in connection with this suit;

(d)     outside consultants and experts employed by counsel of record for the parties; and

(e)     any witness or deponent who is asked at his or her deposition or at trial to testify about documents or things designated as "Confidential" or the contents thereof.

6.     Except with prior written consent of the party asserting confidential treatment, documents designated as "Attorneys and Consultants Only" and the information contained therein, and any other confidential information, may be disclosed only to the following persons:

(a)     counsel for the parties (including attorneys and staff associated with or employed by the legal counsel);

(b)     court reporters and stenographers employed in connection with this suit;

(c)     outside consultants and experts employed by counsel of record for the parties; and

SECOND STIPULATED PROTECTIVE ORDER - 4

(d)     any witness or deponent who is asked at his or her deposition or at trial to testify about documents or things designated as "Attorneys and Consultants Only" or the contents thereof.

7.     Before disclosing "Confidential" documents or information to any person enumerated in paragraphs 5(b), (d) or (e) or 6(c) or (d) above or "Attorneys and Consultants Only" documents or information to any person enumerated in paragraphs 6(c) or (d) above, counsel for the disclosing party must first inform that person that the information or document to be disclosed contains confidential or proprietary information which must be held in confidence and may be used solely for the purpose of preparing for this litigation or settlement and, further, that these restrictions are imposed by a Stipulated Protective Order signed by the parties and their counsel and entered by the Court.  Each person granted access to "Confidential" or "Attorneys and Consultants Only" information shall not reveal or disclose the contents of the confidential or proprietary information for any purpose, including, without limitation, any business, professional, or commercial purpose, other than those relating to this litigation. Each such person shall read this Order or be advised by counsel as to its contents, and shall agree to be bound by its terms by signing Exhibit A, attached hereto.

8.     It is the obligation of the party producing confidential or proprietary documents to identify specific documents as "Confidential" or "Attorneys and Consultants Only."  If the party receiving such documents objects to that identification, and counsel for the parties are unable to resolve the objection informally, the receiving party may file a motion with the Court requesting relief. The burden of persuasion in any such challenge proceeding shall be on the party

SECOND STIPULATED PROTECTIVE ORDER - 5

asserting the designation.  Unless and until the Court issues a ruling allowing

disclosure, all materials designated "Confidential" or "Attorneys and Consultants

Only" shall remain as designated.

9.      Upon the production of "Confidential" or "Attorneys and Consultants

Only" material from one party to another party, and in the normal course of

discovery, the receiving party may seek to depose a witness from the producing

party regarding these materials.  During such a deposition, only counsel for the

parties, party representatives, expert witnesses or consultants for the parties (if

permitted to attend by the rules of civil procedure and/or agreement of the

parties), the witness, and the witness's counsel may be present during any portion

of the interrogation concerning the material deemed "Confidential" or "Attorneys

and Consultants Only" except that party representatives other than counsel may

not attend any portion of the deposition during which "Attorneys and Consultants

Only" material is being reviewed or discussed.  Likewise, the portions of any

deposition transcript dealing with these materials and any exhibits to the transcript

should be marked in pertinent part and treated as "Confidential" or "Attorneys and

Consultants Only" pursuant to this Order.  This paragraph does not grant any

special right to take depositions, but rather governs the use of materials

designated as "Confidential" and "Attorneys and Consultants Only" in an

otherwise authorized deposition.  If appropriate, the witness may be asked to

review this Order and to sign Exhibit A, attached hereto.

10.     Deposition transcripts shall be treated as "Attorneys and

Consultants Only" for a 21-day period following receipt of the transcript by all

parties.  Within the 21-day time period, any party may designate portions of the

transcript as "Confidential" or "Attorneys and Consultants Only" by page and line

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

number, by providing written notice to all parties.

11.     Before disclosing "Confidential" and "Attorneys and Consultants Only" materials (hereinafter "designated materials" or "materials"), the disclosing party shall notify the designating party regarding which materials it intends to disclose.  Within ten (10) calendar days of such notice, the designating party must either consent to the disclosure of the selected materials or file a stipulation and proposed order to seal or a motion to seal the selected materials.  The designating party's failure to timely file a stipulation and proposed order to seal or a motion to seal shall be treated by the parties as a consent to disclosure of the designated materials.  Until such time as the designating party has consented to disclosure or filed a timely stipulation and proposed order to seal or a motion to seal, the disclosing party shall refrain from filing any designated materials.  After the designating party has filed a stipulation and proposed order to seal or a motion to seal, the disclosing party may file such documents electronically by lodging them and should reference either a court order allowing such documents to be sealed or a pending motion to seal, in accordance with the Western District of Washington's electronic filing procedures, or shall follow such other instructions as may be provided by the Court.

12.     At the conclusion of the litigation of this action, or upon settlement or dismissal, documents or other information designated as confidential, and all copies of such documents or other information (other than exhibits of record), shall be returned, within 30 days, to the source from which they were produced or at the direction of the producing party, or destroyed with the party destroying the documents providing a certificate of destruction to the producing party.

13.     In the event additional parties join this action they shall not have

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

access to "Confidential" and "Attorneys and Consultants Only" material until each newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

14.     The inadvertent production of a confidential document without the "Confidential" or "Attorneys and Consultants Only" identifier shall not waive the confidential nature of that document and does not alter the confidential or proprietary nature of any other "Confidential" or "Attorneys and Consultants Only" documents.  Upon discovery that a confidential document has been produced without the "Confidential" or "Attorneys and Consultants Only" identifier, the producing party shall promptly notify the other parties, in writing, and shall request that all parties treat the document in accordance with this Order.  Such other parties may challenge the confidentiality designation in accordance with Paragraph 8, supra.

15.     The undersigned parties and counsel shall keep material identified as "Confidential" or "Attorneys and Consultants Only" in a secure and segregated location, shall not disclose those documents, and shall not use or disclose them other than as authorized by this Order.  The undersigned parties and counsel understand that this Order continues after the conclusion of this litigation.

16.     The parties acknowledge that any violation of this Order will result in irreparable injury to the injured producing party not adequately compensable solely by an award of money damages.  In the event of any such violation, the party injured by the violation shall be entitled, in addition to any other rights and remedies it may have at law or in equity, to have an injunction issued by the Court, or any court of competent jurisdiction, enjoining the party violating this Order (and/or any third party involved in the violation) from continuing such

SECOND STIPULATED PROTECTIVE ORDER - 8

1    violation.

2        17.    To expedite the production of information, parties may inadvertently

3    produce documents that are privileged.  Inadvertent production of privileged

4    documents shall not be deemed a waiver of any applicable privilege.  Upon

5    notification that privileged documents have been produced inadvertently, the

6    parties shall treat the documents as privileged unless and until the Court has

7    sustained a challenge to the assertion of privilege.  A motion asserting a

8    challenge to the privileged nature of the inadvertently produced documents must

9    be filed within fourteen (14) days after a party receives notice of a claim of

10   inadvertent production of privileged documents.  If no such motion is filed, all

11   parties shall, within fourteen (14) days of receipt of notification of the inadvertent

12   production, return to the producing party, or destroy, all copies of privileged

13   documents in their possession or in the possession of their counsel or any other

14   person under their control.  Written confirmation of this return or destruction of

15   documents shall be provided to the party asserting the privilege.

16       18.    Entry of this Order is without prejudice to the right of any party to

17   seek a protective order imposing additional restrictions upon discovery of

18   confidential information or documents, including but not limited to an order that

19   production thereof not be made.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26

SECOND STIPULATED PROTECTIVE ORDER - 9

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1      DATED this 4th day of August, 2006.

2

3
       CORR CRONIN MICHELSON              RIDDELL WILLIAMS P.S.
4      BAUMGARDNER & PREECE LLP

5
       By  s/ Kelly P. Corr_____    By  s/ Laurence A. Shapero_____
6          Kelly P. Corr, WSBA # 555            Karen F. Jones, WSBA # 14987
           Laurie M. Thornton, WSBA #35030      Laurence A. Shapero, WSBA # 31301
7          Attorneys for Defendants             Rebecca L. Andrews, WSBA #36035
                                                Attorneys for Plaintiff
8
       ORRICK, HERRINGTON
9      & SUTCLIFFE LLP

10
       BY  s/  Thomas J. Gray_____
11         Gary E. Weiss, (admitted Pro Hac Vice)
           Thomas J. Gray (admitted Pro Hac Vice)
12         Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SECOND STIPULATED PROTECTIVE ORDER - 10

1

2

3

## **EXHIBIT A**

## **ACKNOWLEDGMENT REGARDING CONFIDENTIAL INFORMATION**

4      The undersigned hereby acknowledges that:

5      1.    I have read and understand the terms of the Stipulated Protective

6    Order ("Order").

7      2.    I hereby agree to be bound by the Order's terms with respect to any

8    documents, material, or information marked "Confidential" or  "Attorneys and

9    Consultants Only" that are furnished to me as set forth in the Order.

10      3.    I hereby agree not to disclose to anyone any documents, material or

11    information marked "Confidential" or "Attorneys and Consultants Only" other than

12    as permitted by the Order.

13      4.    I hereby consent to the jurisdiction of the United States District Court

14    for the Western District of Washington with regard to any proceedings to enforce

15    the terms of the Order.

16      5.    I hereby agree that any documents, materials or information marked

17    "Confidential" or  "Attorneys and Consultants Only" furnished to me will be used

18    by me only for the purposes of this litigation and for no other purpose and will not

19    be used by me in any business affairs of my employer or of my own or be

20    imparted by me to any other person.

21      6.    I declare under penalty of perjury that the foregoing is true and

22    correct.

23            [signature block on following page]

24

25

26

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1     DATED this _____ day of _____, 20____.

2

3                                         _____

4                                         Name

5                                         _____

6                                         Title or Position

7                                         _____

                                         Telephone Number

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SECOND STIPULATED PROTECTIVE ORDER - 12

Riddell Williams P.S.
1001 FOURTH AVENUE PLAZA
SUITE 4500
SEATTLE, WA 98154-1192
(206) 624-3600

1

2

**II.    ORDER**

3        The Court hereby orders as stipulated by the parties above.

4        DATED this 7th day of August, 2006.

5

6

7                                          *MrS Lasnik*
                                           Robert S. Lasnik
8                                          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SECOND STIPULATED PROTECTIVE ORDER - 13